**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TRENACE PATTERSON,
          *Defendant-Appellant.*

No. 02-4776

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TORY L. BLAKELY,
          *Defendant-Appellant.*

No. 02-4787

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LaSHAWN JAMES,
          *Defendant-Appellant.*

No. 02-4800

Appeals from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron M. Currie, District Judge.
(CR-01-736)

Submitted: August 28, 2003

Decided: September 4, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Johnny E. Watson, Sr., Columbia, South Carolina; Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South Carolina; Christopher J. Moran, Columbia, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Trenace Patterson (No. 02-4776(L)), Tory Blakely (No. 02-4787), and LaShawn James (No. 02-4800) appeal their convictions based upon written plea agreements and sentences on a charge of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000), based upon their involvement with a number of other co-conspirators in drug trafficking activities which occurred over a twelve-year period. After conducting thorough Fed. R. Crim. P. 11 colloquies, the district court found each of the three Defendants guilty and subsequently sentenced them, respectively, to 235 months, 292 months, and 87 months of imprisonment, and five years of supervised release each.

On appeal, Patterson challenges the district court's calculation of her criminal history points, denial of a one-point reduction for being a minor participant in the offense as well as denial of a downward departure for substantial assistance, and determination of drug weights attributable to her. We review Patterson's claims for plain

error, as these objections are made for the first time on appeal, *United States v. Olano*, 507 U.S. 725, 732-36 (1993), and find them to have no merit. First, the district court's determination that Patterson was a criminal history category IV is amply supported by the record.[1] Patterson's claim that as a transporter of drugs she should have been given a reduction for being a minor participant fails. *United States v. Withers*, 100 F.3d 1142, 1147 (4th Cir. 1997). Her assertion that the district court should have granted her a reduction for substantial assistance is without merit because nothing in the record would support a finding that she earned a Fed. R. Crim. P. 35 reduction.

Finally, we reject Patterson's claim relative to drug weight. The evidence amply demonstrated that Patterson personally transported in excess of one kilogram of cocaine from Texas to South Carolina, which was then converted into "crack cocaine" and distributed. While the basis for Patterson's challenge on appeal is that she was unaware the cocaine was being cooked into crack cocaine, her express admission to the district court at sentencing of this very fact belies this claim. We find the district court correctly held Patterson accountable for the multi-kilogram quantities of crack cocaine that were distributed by her co-conspirators. *United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993).

Counsel for Blakely and James has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), claiming sentencing errors, but concluding that there are no meritorious grounds for appeal. Blakely has filed a supplemental brief; James has not, despite notification of her right to do so.

We find to be meritless Blakely's specific claims on appeal. The district court did not plainly err in setting Blakely's base offense level at thirty-eight pursuant to USSG § 2D1.1, the district court properly applied a two-level enhancement to Blakely's offense level because

---

[1]Even assuming, *arguendo*, that Patterson's claim is correct that she did not join the conspiracy until January 2001, because she joined within two years of her release from imprisonment, she qualified for an additional criminal history point under USSG § 4A1.1, and the sentence imposed by the district court falls within the sentencing range as otherwise calculated.

he used a firearm in some of his drug transactions, and there was ample evidence presented that Blakely supervised a criminal conspiracy with more than five participants, warranting enhancement under USSG § 3B1.1(b).[2]

We review James' sole claim on appeal, made pursuant to *Anders*, for plain error,[3] and find that her allegation that she should have received a sentence of less than 87 months is not supported by the record. James pled guilty to possessing the cocaine and has admitted her involvement in the conspiracy. She received all downward departures for which she was eligible.

In accordance with the requirements of *Anders*, we have examined the entire record as to Blakely and James and find no meritorious issues for appeal relative to either Appellant. There were no irregularities in the plea process, and we find that both Blakely and James were sentenced upon a proper application of the guidelines and consistent with statutory and constitutional law.

Based upon the foregoing, we affirm the convictions and sentences of Patterson, Blakely, and James. In cases filed pursuant to *Anders*, this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Blakely's failure to object to any of these issues below requires us to review the claims on appeal for plain error. *Olano*, 507 U.S. at 732-36.

[3]*Olano*, 507 U.S. at 732-36.